UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: **Nathaniel Reese**          :          CHAPTER:  13

                                    :

DEBTOR                              :          BANKRUPTCY NO.: **10-12473**

## CHAPTER 13 PLAN OF THE DEBTOR

1.      Under this plan the allowed unsecured creditors will receive pro rata share of this claim.

2.      The debtor shall submit to the supervision and control of the trustee the following sums: **two hundred fifty dollars and 00 cents ($250.00) for sixty (60) months.**

3.      The various claims of the Debtor's creditors shall be classified as follows:

        a.      CLASS 1:      Claims filed and allowed which are entitled to priority under 11 U.S.C. Section 507.

        b.      CLASS 2:      Claims filed and allowed which are secured by a lien, which is not avoidable, by the debtor under 11 U.S.C. Section 522.

        c.      CLASS 3:      All other claims.

4.      The payments received by the trustee from the debtor pursuant to this plan shall be distributed as follows:

        a.      CLASS 1 CLAIMS:  The amount paid by the Debtor to the Trustee shall be distributed first to the Class 1 claims, pro rata, until they are paid in full.

        b.      CLASS 2 CLAIMS:  After the application of the appropriate amount each month to the Class 1 and Class 2 claims, the entire amount of the monthly payment remaining in to the hands of the trustee shall be distributed, pro rata, to the holders of the Class 3 claims.

5.      The trustee shall distribute the Debtor's payments as follows:

        a.      The trustee shall first make distributions to Class 1 claims pro rata until they are paid in full;
        b.      After the Class 1 claims are fully paid, the trustee shall then make distributions to the Class 2 claims, pro rata, until they are paid in full;

        c.      After Class 1 and 2 claims are paid in full, the trustee shall then make

distribution to the Class 3 claims.

6.      **The default on the mortgages on Debtor's residence held Wells Fargo Bank would be cured by this plan.**

Confirmation of the plan shall constitute a judicial finding that the amount of the default does not exceed the amount listed as "arrears" on the claims docket.

All regular monthly mortgage payments falling due after the filing of this petition will be paid directly to the creditor and not to the trustee.

7.      Confirmation of this plan shall constitute a finding that the Debtor is curing the default on the home mortgage note within a reasonable time within the meaning of 11 U.S.C. Section 1322 (b) (5) and that the plan constitutes the Debtor's best efforts under all the circumstances, and was proposed in good faith, within the meaning of 11 U.S.C. Section 727 (a) (9).

8.      Confirmation of this plan shall constitute a finding that the entire Debtor's projected disposable income will be applied to make payments under the plan.

9.      The title to the property of the estate shall revest in the Debtor upon confirmation of this plan, and the Debtor shall have sole right to use and possession thereof.  The holder of each allowed secured claim shall retain the lien securing such claim, and the holder of such claim shall be paid cash in amounts as to have a value, as of the effective date of the plan, that is not less than the allowed amount of such claim.

10.     Upon application with notice to the trustee, the Debtor may alter the amount of or timing of payments under this plan.  Such modifications shall be permitted if they are reasonable and do not decrease the total amount of money that will be paid to the Class 1 or Class 2 claims.

11.     Any other money or property acquired by either the trustee or the Debtor, or refunded from the trustee's percentage fees, while this case is pending shall be deemed exempt property of the Debtor's, if exemptible, and shall be forthwith delivered to the Debtor.

12.     Upon completion of this plan, all debts listed in the Debtor's Chapter 13 Statement, except those excepted by 11 U.S.C. Section 1328(a)(1) or (a)(2) shall be discharged.

                                        **\s\ Michael D. Sayles, Esquire**
                                        Michael D. Sayles, Esquire
                                        Attorney for Debtor

Dated: December 14, 2010